IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMIE L. DAVIS                                                                                    PLAINTIFF

V..                                           NO. 14-3081

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration           DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Tammie L. Davis, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 23, 2012, alleging an inability to work since June 16, 2012, due to lower back injury (herniated disc). (Tr. 132-135, 160, 164).  An administrative hearing was held on June 26, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 28-56).

By written decision dated July 12, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

obesity, disorder of the lumbar spine, and degenerative joint disease. (Tr. 14).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is further limited to standing and walking no more than three hours in an eight hour workday, and sitting for at least five hours in an eight hour workday. Ms. Davis can never climb ladders, ropes, or scaffolding; however, she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. She can perform work with frequent use of her left upper extremity, but she must avoid dangerous machinery and unprotected heights.

(Tr. 16).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but there were other jobs Plaintiff would be able to perform, such as cashier II. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 28, 2014. (Tr. 1-4).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583

(8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff challenges the ALJ's RFC determination as well as his credibility analysis by arguing that his RFC determination is unsupported by substantial evidence as it discredits the opinion of Dr. Klepper and fails to acknowledge Plaintiff's experiences of pain. (Doc. 11).

### A. Credibility Analysis:

Plaintiff argues that the ALJ ignored Plaintiff's intractable pain and that her intractable pain is borne out by her undergoing numerous pain treatment interventions by Dr. Ira Chatman, of Interventional Pain Management Associates, and that Plaintiff's steroid injections and lumbar medial branch blocks were helpful for a while, but the pain returned to preinjection levels. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely

4

because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 18). The ALJ discussed the records relating to Plaintiff's back pain, including records that pre-date the onset date. He also addressed the July 9, 2012 MRI of Plaintiff's lumbar spine, which documented mild diffuse degenerative changes with a superimposed central to right paracentral disc herniation at L4-5. (Tr. 18). He noted that Dr. Bruce Robbins, a neurologist at Twin Lakes Neurology, to whom Dr. Klepper referred Plaintiff, saw Plaintiff on August 9, 2012, and diagnosed Plaintiff as follows:

1. Sciatica. This appears to be affecting primarily the left leg, more than the right. It does not appear to be acute on physical examination but the patient does give a good description.

2. Ataxia of gait, which is multifactorial. Plaintiff's body habitus is part of the issue.

3. Neuropathy with absent muscle stretch reflexes.

4. Headaches, which are nonspecific.

5. Paresthesias involving the upper extremities. It's quite possible that the patient has compression neuropathy, in addition to radiculopathy and polyneuropathy.

6. Neck pain.

(Tr. 251). Dr. Robbins believed physical therapy evaluation and treatment would be appropriate. (Tr. 251). On August 30, 2012, Dr. Robbins conducted a Nerve Conduction

5

Study/EMG of bilateral lower extremities, and found it to be consistent with mild neuropathy, and noted there appeared to be some progression of the neuropathy. (Tr. 352).

The ALJ also noted the examination report of Dr. Dan Reeves, of Reeves Spine and Orthopedics, D.O., dated September 11, 2012, to whom Plaintiff was also referred by Dr. Klepper. Dr. Reeves diagnosed Plaintiff with facet arthritis, recommended physical therapy and facet injections, and opined that he did not feel Plaintiff's back was a disabling condition. (Tr. 322). He further stated "However, she may have many other medical conditions that have led to this."(Tr. 322). The Court notes that on March 6, 2013, Plaintiff advised Dr. Chatman that her medications were effective and adequate for the pain. (Tr. 466).

The ALJ discussed Plaintiff's daily activities, noting that Plaintiff continued to drive with her right hand, and the fact that in her testimony and in the statements prepared for the record by Plaintiff, her husband, massage therapist, and neighbor, they described how Plaintiff retained the capacity to take care of some personal needs, prepare small meals, complete light household chores, drive, shop for groceries, handle her finances, read, watch television, decorate, operate a cell phone to test, maintain regular doctor's appointments, and attend church if she was able. (Tr. 17).  The Court also notes that Plaintiff was able to feed and water her cats, dogs, and horses, pick up the yard, and sweep. (Tr. 192).  The ALJ noted that despite complaints of pain that was 7-20 on a severity scale of 1 to 10, the record reflected that her recurrent symptoms were treated entirely conservatively, and on an outpatient basis with medication, physical therapy, and pain relieving injections. (Tr. 19). The ALJ concluded that Plaintiff's statements regarding the severity of her limitations were not entirely credible to the extent they were inconsistent with the RFC, because they were not

6

supported by the longitudinal conservative treatment records, the documented findings of the clinical examinations, and Plaintiff's reported ongoing capabilities. (Tr. 19).

The Court finds that the ALJ considered all of the appropriate factors in assessing Plaintiff's credibility, and that there is substantial evidence to support the ALJ's credibility determination.

### B. RFC Determination:

Plaintiff argues that in determining Plaintiff's RFC, the ALJ dismissed the opinions of her treating physician by siding with the findings of non-examining physicians and a neurologist that saw Plaintiff one time. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v.

Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id.

As stated earlier, the ALJ found Plaintiff retained the RFC to perform light work with certain limitations. In making this determination, the ALJ considered all of Plaintiff's medical records, the opinions of Plaintiff's treating physicians, and Plaintiff's own complaints. The ALJ had before him the opinions of Dr. Robbins, Dr. Klepper, Dr. Reeves, non-consulting consultant, Dr. David L. Hicks, who determined Plaintiff was capable of performing light work with postural limitations, Dr. Ira Chapman, and non-examining consultant, Dr. Murari Bijpuria, who found Plaintiff could perform light work with certain limitations. The State agency consultants concluded that Plaintiff was limited to a reduced range of light work activity with postural and environmental non-exertional restrictions, and the ALJ gave these opinions great weight. (Tr. 19). The ALJ gave limited weight to the

opinion of Dr. Klepper, who limited Plaintiff to a severely reduced range of sedentary work. (Tr. 20).  The ALJ concluded that the severity of his assessed limitations were not consistent with the documented clinical and examination findings, the longitudinal conservative treatment record, Plaintiff's reported ongoing capabilities, and because employability remained an issue reserved for the commissioner. (Tr. 20).

It is noteworthy that the opinions of Plaintiff's treating specialists, Dr. Robbins and Dr. Reeves, support the ALJ's RFC determination. The Court is not persuaded by the argument that Dr. Reeves' opinion should be minimized because he saw Plaintiff only one time, since he is a specialist. The regulations state that more weight is generally given to the opinion of a specialist about medical issues related to the area of specialty than to the opinion of a source who is not a specialist. 20 C.F.R. §404.1527(c)(5).  The ALJ considered Plaintiff's daily activities and the treatment Plaintiff received.  In addition, Dr. Klepper's Medical Source Statement consists of a conclusory checkbox form, leading the Court to conclude that the ALJ considered and afforded proper weight to the various opinions of all of the physicians.  See Anderson v. Astrue, 696 F.3d 790, 794 (8th Cir. 2012)(holding that a conclusory checkbox form has little evidentiary value when it "cites no medical evidence, and provides little to no elaboration").

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the physicians' opinions.

### C.  Hypothetical Question to the VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set

forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a jewelry assembler, an order clerk, and a credit card clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.     Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 29th day of January, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE